UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUETTAH MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO COUNTY HEALTH AND SOCIAL SERVICES BEHAVIORAL HEALTH DIVISION, et al.,<br><br>Defendants. | No. 2:24-cv-01329-DJC-CKD (PS)<br><br><br><br>ORDER |

Plaintiff Marquettah Morris initiated this action on May 10, 2024, with a pro se complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Because plaintiff proceeds pro se, this matter was referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

Plaintiff's application in support of the request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis (ECF No. 2) is granted.

On June 3, 2024, plaintiff filed a motion to amend the complaint and a first amended complaint. (ECF Nos. 3, 4.) The motion for leave to amend (ECF No. 3) is granted. See Fed. R. Civ. P. 15(a). The first amended complaint (ECF No. 4) is the operative pleading. However, as the first amended complaint fails to state a claim, plaintiff is granted leave to file a further amended complaint.

I.  **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

////

////

1     **II.    ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

2     Between June 2003 and August 2023, defendants, Solano County Health and Social

3 Services Behavioral Health Division and 1021 SEIU Union, failed to provide reasonable

4 accommodation to plaintiff "by not exploring alternative accommodation options and sabotaging

5 attempts to apply for favorable positions." (ECF No. 4 at 5.)

6     Between May 2023 and August 2023, defendants retaliated against plaintiff for prior

7 complaints by "initiating the ADA process only after complaints were filed and creating a hostile

8 work environment during the third ADA meeting." (Id.)

9     Between May 2023 and August 2023, defendants "failed to engage in the interactive

10 process in good faith and [failed to] provide timely and meaningful responses" to plaintiff's

11 accommodation requests. (Id.)

12     Between June 2023 and August 2023, defendants failed to inform plaintiff of her options

13 regarding resignation, retirement, or alternative accommodations until shortly before her

14 reevaluation with her doctor, constituting a failure to provide reasonable notice under the ADA.

15 (Id.)

16     Between June 2023 and September 2023, defendant Union breached its duty of fair

17 representation by failing to address plaintiff's concerns and respond to her request for a formal

18 grievance/appeal. (Id.)

19     On February 23, 2024, the EEOC issued plaintiff a right to sue letter. (ECF No. 4 at 5.)

20 Plaintiff brings claims under Title I of the ADA, the Pregnancy Discrimination Act, and the Equal

21 Protection Clause of the Fourteenth Amendment to the United States Constitution. (Id. at 3.)

22 Plaintiff seeks monetary damages and injunctive relief. (Id. at 5.)

23     **III.    THE COMPLAINT FAILS TO STATE A CLAIM**

24     The first amended complaint contains insufficient factual allegations to state a plausible

25 cause of action. Plaintiff will have an opportunity to file an amended complaint. Below, the court

26 sets forth the applicable legal standards for plaintiff's claims.

27 ////

28 ////

**A. Americans with Disabilities Act ("ADA")**

Title I of the ADA prohibits private employers from discriminating against a "qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a prima facie case for discrimination under Title I of the ADA, a plaintiff must prove that she is a qualified individual with a disability who suffered an adverse employment action because of her disability. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1090 (9th Cir. 2004). An "adverse employment action" for purposes of an ADA retaliation claim is any action that is "'reasonably likely to deter employees from engaging in protected activity.'" Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 849 (9th Cir. 2004) (quoting Ray v. Henderson, 217 F.3d 1234, 1243 (9th Cir. 2000).

The ADA further provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." Pardi, 389 F.3d at 849.

Here, the first amended complaint implies through legal conclusions that plaintiff is a qualified individual with a disability under the ADA and suffered an adverse employment action. However, legal conclusions do not suffice to state a claim. The complaint does not plead specific facts about plaintiff's disability and therefore fails to adequately allege plaintiff is a qualified individual with a disability. Plaintiff also fails to allege adequate facts suggesting she was terminated because of her disability or suffered another adverse employment action because of her disability. The first amended complaint contains no description of protected activity or any causal link between plaintiff's protected activity and an alleged adverse personnel action. Instead, the allegations merely conclude that plaintiff was discriminated and retaliated against, and that

she suffered a hostile work environment during the third ADA meeting. However, the underlying events that allegedly occurred are not sufficiently described. Similarly, while plaintiff alleges there was a failure to accommodate, the first amended complaint does not identify what reasonable accommodations were requested and denied.

Plaintiff's conclusory allegations are insufficient to state a claim for ADA discrimination or retaliation. See Twombly, 550 U.S. at 555-57 (2007); Iqbal, 556 U.S. at 678. In any further amended complaint, plaintiff should focus on setting forth more of the underlying facts (such as who did what, and when) rather than legal conclusions.

### B. Pregnancy Discrimination Act

Section 703(a) of Title VII of the Civil Rights Act of 1964 provides it is unlawful for any employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a) (emphasis added); see also Ricci v. DeStefano, 557 U.S. 557, 577 (2009) ("Title VII prohibits ... intentional discrimination (known as "disparate treatment").

Title VII, as amended in 1978, includes the Pregnancy Discrimination Act, which provides that sex discrimination includes discrimination based on "pregnancy, childbirth, or related medical conditions; and women affected by [these conditions] shall be treated the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). To establish a prima facie case under the Pregnancy Discrimination Act, a plaintiff must show "that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did

accommodate others 'similar in their ability or inability to work.'" Young v. United Parcel Serv., Inc., 575 U.S. 206, 229 (2015).

The first amended complaint fails to adequately allege plaintiff suffered an adverse employment action. The first amended complaint also fails to specifically allege that plaintiff was pregnant, or had a related medical condition, and that she sought a specific accommodation which was denied. Mere conclusions that a person suffered pregnancy discrimination are insufficient to state a claim under Title VII and the Pregnancy Discrimination Act. See Twombly, 550 U.S. at 555-57 (2007); Iqbal, 556 U.S. at 678.

### C. Equal Protection Clause

To state a claim for a violation of equal protection, a plaintiff must generally allege the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class, such as a particular race or religion. See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). To state a claim under a "class of one" theory, a plaintiff must allege facts showing she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A "class of one" plaintiff must allege intentional, disparate treatment. Id. at 564-65. "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

As with plaintiff's other claims, the first amended complaint contains only vague and conclusory allegations suggesting that plaintiff could have been treated differently than other similarly situated individuals without a rational basis. However, plaintiff does not identify any similarly situated individuals or instances where a similarly situated individual was treated differently. Without factual allegations plausibly suggesting that other individuals who were in all relevant respects like plaintiff were treated more favorably without a rational basis, the amended complaint does not state a claim for relief on equal protection grounds.

### IV.     CONCLUSION AND ORDER

The first amended complaint fails to state a claim and must be dismissed. Plaintiff is granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it

6

is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires).

In any further amended complaint, plaintiff should focus on setting forth the underlying facts (such as who did what, and when). If plaintiff elects to file an amended complaint, it should be titled "Second Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's motion to amend the complaint (ECF No. 3) is granted and the first amended complaint is the operative complaint for screening.
3. Plaintiff's first amended complaint (ECF No. 4) is dismissed for failure to state a claim with leave to amend.
4. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  July 31, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Morris24cv1329.screen