1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARQUETTAH MORRIS,                      No.  2:24-cv-01329-DJC-CKD (PS)

12              Plaintiff,

13        v.                                  ORDER

14    SOLANO COUNTY HEALTH AND
      SOCIAL SERVICES BEHAVIORAL
15    HEALTH DIVISION, et al.,

16              Defendants.
17

18        Plaintiff Marquettah Morris proceeds pro se, and this matter is referred to the undersigned

19    by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint

20    ("SAC") is before the court for screening. Liberally construed, the SAC states claims under Title I

21    of the Americans with Disabilities Act ("ADA") against plaintiff's former employer. The SAC

22    does not state a Title VII pregnancy discrimination claim and does not state a claim against the

23    union defendant. Plaintiff may proceed on the complaint as screened with claims under the ADA

24    against her former employer, or plaintiff may file a further amended complaint to be screened by

25    the court. Plaintiff must respond to this order as set forth below.

26    I.    SCREENING REQUIREMENT

27        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

28    proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

                                                  1

1 claim on which relief may be granted," or "seeks monetary relief against a defendant who is

2 immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

3 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4 Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

5 court accepts as true the factual allegations contained in the complaint, unless they are clearly

6 baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.

7 See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d

8 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

9 　　　Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines

10 v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory

11 allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council

12 v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of

13 action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57

14 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

15 　　　To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

16 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial

17 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

18 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se

19 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend

20 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809

21 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's

22 pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other

23 grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

24 　　**II.　　ALLEGATIONS IN THE SAC**

25 　　　Defendants are Solano County Health and Social Services Behavioral Health ("SCHSS")

26 and Local SEIU 1021 Union ("SEIU"). (ECF No. 6 at 2.) Plaintiff brings discrimination and

27 retaliation claims under Title I of the ADA. (ECF No. 6 at 4.) Plaintiff also brings a claim under

28 Title VII of the Civil Rights Act of 1964, as amended in 1978, which includes the Pregnancy

1    Discrimination Act. (Id.) She seeks monetary damages and injunctive relief. (Id. at 6.)

2          In November 2016, plaintiff began full time employment as a Mental Health Specialist II

3    with SCHSS. (ECF No. 6 at 7.) In 2022, plaintiff became pregnant. (Id.) During the third

4    trimester of pregnancy, plaintiff "suffer[ed] adverse medical conditions as a result of her

5    pregnancy" including severe contractions, pain, and extreme distress. (Id.) Plaintiff "asked her

6    supervisor for accommodations" but plaintiff's supervisor intentionally failed to initiate the ADA

7    Interactive Process. (Id. at 7.)

8          On or about July 21, 2022, plaintiff was granted maternity leave pursuant to Pregnancy

9    Disability Leave ("PDL"). (ECF No. 6 at 7.)

10         Post-pregnancy, in or about September 2022, plaintiff began experiencing depression due

11   to her pregnancy-related disability not being accommodated. (ECF No. 6 at 8.) Plaintiff's

12   physician diagnosed her with postpartum depression, which later progressed to major depression

13   coupled with anxiety disorder. (Id.)

14         In December 2022 while on maternity leave, plaintiff made a formal complaint to SCHSS

15   Human Resources Department regarding her supervisor's "intentional discriminatory and

16   harassing words and conduct" including several occasions when the supervisor called after work

17   hours while plaintiff was on pregnancy leave even though plaintiff's supervisor knew plaintiff

18   was suffering greatly from a difficult pregnancy. (ECF No. 6 at 7.) Plaintiff's supervisor also

19   called plaintiff during her maternity leave to "badger and bully her about work and wanting to

20   know when plaintiff would return to work[.]" (Id.) This conduct was "unreasonably intrusive"

21   and meant to single out plaintiff because of her disability. (Id. at 7-8.)

22         Plaintiff's doctor placed her on a "month-to-month return-to-work status" through August

23   2023. (ECF No. 6 at 8.) Plaintiff had to request reasonable accommodations because of her

24   anxiety and depression. (Id.) Plaintiff "asked her supervisor for a reasonable accommodation of

25   working from home or transferring to a position that allowed desk work." (Id. at 8-9.) SCHSS

26   denied those accommodations and SEIU failed to assist plaintiff in her attempts to secure the

27   requested accommodations. (Id.)

28   ////

1    On February 10, 2023, plaintiff filed a formal complaint with defendant SCHSS's Human

2    Resources ("HR") Equal Employment Opportunity ("EEO") Office. (ECF No. 6 at 8.) In March

3    2023, plaintiff filed a complaint with the Equal Employment Opportunity Commission

4    ("EEOC"). (Id.) SCHSS conducted an internal investigation which resulted in the exoneration of

5    plaintiff's supervisor on May 9, 2023. (Id.) One week later, SCHSS's HR initiated the ADA

6    Interactive Process. (Id.)

7    Between February 2023 and August 2023, SCHSS failed to timely inform plaintiff of her

8    employment options, including "resignation, retirement, alternative employment

9    accommodations, or potential undue hardship." (ECF No. 6 at 9.) SCHSS suggested plaintiff

10   apply for an open position, but then "misled her by stating the position had already been filled."

11   (Id. at 8.) Plaintiff received an email to schedule an interview, but by that time, "the opportunity

12   had passed as SCHSS had already pressured her into making a decision to medically retire." (Id.)

13   SCHSS also recommended plaintiff swap positions with a willing colleague only to retract this

14   option during a meeting on August 2, 2023. (Id.)

15   During the meeting on August 2, 2023, SCHSS informed plaintiff her extended absence

16   had created an undue hardship on the department's ability to service clients and maintain morale,

17   and that any further leave requests would not be approved. (ECF No. 6 at 8.) SCHSS gave

18   plaintiff two weeks to decide whether to return to work with or without restrictions, voluntarily

19   resign, medically retire, or face termination. (Id.) Feeling pressured and with limited options,

20   plaintiff applied for medical retirement. (Id.)

21   Plaintiff formally requested the assistance of defendant Union SEIU 1021 in filing a

22   grievance/appeal after being presented with "retaliatory options" by SCHSS. (ECF No. 6 at 9.)

23   SEIU failed to support or assist plaintiff. (Id.)

24   **III.    THE SAC FAILS TO STATE A CLAIM**

25   **A.  Americans with Disabilities Act ("ADA")**

26       **1.  ADA Discrimination**

27   Title I of the ADA prohibits private employers from discriminating against a "qualified

28   individual on the basis of disability in regard to job application procedures, the hiring,

4

1    advancement, or discharge of employees, employee compensation, job training, and other terms,

2    conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case

3    of discrimination under Title I of the ADA, a plaintiff must prove "(1) she was disabled under the

4    ADA; (2) she was a qualified individual with a disability; (3) she was discriminated against by

5    her employer because of that disability." Dunlap v. Liberty Nat. Prod., Inc., 878 F.3d 794, 798-99

6    (9th Cir. 2017); see also Sanders v. Arneson Prod., Inc., 91 F.3d 1351, 1353 (9th Cir. 1996) ("To

7    state a prima facie case under the ADA, a plaintiff must prove that he is a qualified individual

8    with a disability who suffered an adverse employment action because of his disability.").

9         A plaintiff is not required to plead a prima facie case of discrimination or retaliation in

10   order to state a plausible claim See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002)

11   (explaining prima facie discrimination case is an "evidentiary standard, not a pleading

12   requirement"). However, the court looks to the elements of the prima facie case to decide whether

13   the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is

14   plausible on its face. Cloud v. Brennan, 436 F. Supp. 3d 1290, 1304 (N.D. Cal. 2020).

15        Plaintiff does not state an ADA discrimination claim based on the alleged phone calls

16   received from her supervisor during her pregnancy or during maternity leave. Plaintiff alleges her

17   supervisor called after work hours in an overly intrusive manner, wanting to know when plaintiff

18   would return to work. The described conduct is not sufficiently severe or pervasive to state a

19   plausible ADA discrimination claim based on a hostile or abusive environment. See Breyer v.

20   Pac. Univ., No. 20-35304, 2021 WL 3829966, at *2 (9th Cir. Aug. 27, 2021)[1] (noting the Ninth

21   Circuit has not recognized a hostile environment theory of disability discrimination, but that if

22   such a theory is cognizable, it requires "severe or pervasive" harassment); Arizona ex rel. Horne

23   v. Geo Grp., Inc., 816 F.3d 1189, 1206 (9th Cir. 2016) (discussing factors relevant to determining

24   whether a hostile or abusive work environment exists in the Title VII context). Plaintiff does not

25   adequately allege discrimination under the ADA based on the receipt of phone calls from her

26   supervisor during leave.

27

28   [1] This unpublished decision is cited for explanatory or persuasive value only and not as precedent.
     See 9th Cir. R. 36-3.

5

1    On the other hand, plaintiff states a possible disability discrimination claim based on a

2  failure to accommodate and/or a failure to engage in the interactive process. The ADA defines

3  discrimination to include an employer's failure to make a reasonable accommodation. See 42

4  U.S.C. § 12112(b)(5)(A); Snapp v. United Transp. Union, 889 F.3d 1088, 1095 (9th Cir. 2018).

5  An employer has a duty to engage in an interactive process with a disabled individual to identify

6  reasonable accommodations, see Dunlap, 878 F.3d at 799, and the failure to do so constitutes

7  unlawful discrimination if a reasonable accommodation would have been possible, see Snapp,

8  889 F.3d at 1095. Failure to engage in the interactive process does not present a stand-alone

9  claim. Id. "Rather, discrimination results from denying an available and reasonable

10  accommodation." Id.

11    Liberally construed, the SAC alleges plaintiff was a qualified individual with a disability.

12  The term "disability" means "a physical or mental impairment that substantially limits one or

13  more major life activities of such individual," having a record of such impairment, or being

14  regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life activities include, but

15  are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping,

16  walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating,

17  thinking, communicating, and working. 42 U.S.C. § 12102(2). "Substantially limited" means a

18  person is "significantly restricted as to condition, manner or duration under which [she] can

19  perform [the] particular major life activity as compared to ... [an] average person in the general

20  population." Coons v. Sec'y of U.S. Dep't of Treasury, 383 F.3d 879, 885 (9th Cir. 2004).

21    "Temporary, non-chronic impairments of short duration, with little or no long term or

22  permanent impact, are usually not disabilities." Ravel v. Hewlett-Packard Enter., Inc., 228 F.

23  Supp. 3d 1086, 1092 (E.D. Cal. 2017). Pregnancy and pregnancy-related complications may in

24  some circumstances constitute a disability. See Coates v. Washoe Cnty. Sch. Dist., No. 3:20-CV-

25  00182-LRH-CLB, 2020 WL 7186746, at *5 (D. Nev. Dec. 4, 2020); Salgado v. Iqvia, Inc., 459 F.

26  Supp. 3d 1318, 1328 (S.D. Cal. May 8, 2020); Torstrup-Lanham v. Gov't Emps. Ins. Co., No. 04

27  CV 1933 WQH (JMA), 2006 WL 8443519, at *6 (S.D. Cal. Mar. 24, 2006), aff'd, 284 F. App'x

28

460 (9th Cir. 2008). The focal inquiry is whether the pregnancy-related impairment has a substantially limiting effect on the individual. See 29 C.F.R. § 1630.2(j).

The SAC specifies the nature of plaintiff's alleged disability during pregnancy—a difficult pregnancy with severe contractions, pain, and extreme distress—and post pregnancy—depression, extreme depression, and an anxiety disorder. The court liberally construes the complaint and draws reasonable inferences therefrom to find plaintiff has adequately alleged her pregnancy related conditions impaired the major life activity of working. See Broussard v. Univ. of California, at Berkeley, 192 F.3d 1252, 1256 (9th Cir. 1999) ("an individual is 'substantially limited' from working if she is 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities") (citing 29 C.F.R. § 1630.2(j)(3)(i)); but see also Broussard, 192 F.3d at 1256 ("[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working").

In addition, liberally construing the SAC, plaintiff adequately alleges she was an otherwise qualified individual, because it is reasonable to infer that a leave of absence for a pregnancy related disability would accommodate the disability and enable a subsequent return to work. See Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1135-36 (9th Cir. 2001) ("where a leave of absence would reasonably accommodate an employee's disability and permit [her], upon [her] return, to perform the essential functions of the job, that employee is otherwise qualified under the ADA"); see also, generally Dark v. Curry County, 451 F.3d 1078, 1086 (9th Cir. 2006), cert. denied, 549 U.S. 1205 (2007) (in order to plausibly allege she was "qualified," a plaintiff must ordinarily allege she could perform the essential functions of the employment position she held or desired, with or without specified reasonable accommodation).

Lastly, the SAC sufficiently alleges plaintiff was discriminated against by her employer because of a pregnancy-related disability. Plaintiff requested accommodations during her pregnancy, but her supervisor and SCHSS intentionally failed to initiate the ADA Interactive Process. In addition, after pregnancy, on August 2, 2023, SCHSS informed plaintiff no further

1   leave requests would be approved. Under the complaint's allegations, plaintiff was given limited

2   options, and plaintiff applied for medical retirement because SCHSS pressured her to do so.

3      To the extent the alleged discrimination is a failure to accommodate, the ADA requires a

4   reasonable accommodation, though not necessarily the preferred or maximum accommodation.

5   See Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002). Plaintiff was

6   granted an accommodation of pregnancy disability leave. Both paid and unpaid medical leave

7   may be reasonable accommodations under the ADA. See Humphrey, 239 F.3d at 1135; Nunes v.

8   Wal-Mart Stores, Inc., 164 F.3d 1243, 1247 (9th Cir. 1999). However, "[t]he reasonableness of an

9   accommodation is ordinarily a question of fact." U.S. EEOC v. UPS Supply Chain Solutions, 620

10  F.3d 1103, 1110 (9th Cir. 2010) (quoting Lujan v. Pac. Mar. Ass'n, 165 F.3d 738, 743 (9th Cir.

11  1999); Ravel, 228 F. Supp. 3d at 1093 (denial of a preferred accommodation is discrimination

12  under the ADA if the alternate accommodation offered was not a reasonable accommodation).

13     Plaintiff alleges there was a delay in initiation of the interactive process and SCHSS did

14  not necessarily satisfy its burden under the ADA by presenting a single accommodation if it

15  delayed unreasonably or failed to consider whether alternative accommodations were also

16  available. Moreover, the reasonableness of the allowed length of plaintiff's leave is a factual issue

17  not well-suited to determination at the pleading stage. See Nunes, 164 F.3d at 1247. Accordingly,

18  for screening purposes, plaintiff states a potential disability discrimination claim against SCHSS

19  based on failure to accommodate and/or failure to engage in the interactive process.

20      **2. ADA Retaliation**

21     The ADA further provides: "No person shall discriminate against any individual because

22  such individual has opposed any act or practice made unlawful by this chapter or because such

23  individual made a charge, testified, assisted, or participated in any manner in an investigation,

24  proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "To establish a prima facie case

25  of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected

26  activity; (2) suffered an adverse employment action; and (3) there was a causal link between the

27  two." Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 849 (9th Cir. 2004) The ADA prohibits an

28  employer from retaliating against an employee who seeks an accommodation in good faith, even

8

1   if it is subsequently determined that the employee is not disabled under the Act. Heisler v. Metro.

2   Council, 339 F.3d 622, 630 (8th Cir. 2003).

3          Plaintiff engaged in protected conduct when she filed a formal complaint with her

4   employer in February 2023 and when she filed an EEOC complaint in March 2023. Plaintiff

5   suffered an adverse employment action when SCHSS allegedly pressured her into making a

6   decision to medically retire, misled her about the availability of an opportunity, and failed to

7   timely inform her of several options. See Pardi, 389 F.3d at 849 (adverse action in the context of

8   an ADA retaliation claim includes any action reasonably likely to deter employees from engaging

9   in protected activity). Plaintiff sufficiently alleges a causal link between the alleged adverse

10  action and her protected conduct, because SCHSS was aware of her protected activity, and

11  because the alleged adverse actions occurred shortly after plaintiff engaged in protected activity.

12  See Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987) ("Causation sufficient to establish

13  the third element of the prima facie case may be inferred from circumstantial evidence, such as

14  the employer's knowledge that the plaintiff engaged in protected activities and the proximity in

15  time between the protected action and the allegedly retaliatory employment decision.").

16  Accordingly, plaintiff has stated a retaliation claim under the ADA against defendant SCHSS.

17          **3.  Claims against SEIU**

18          Both the ADA and Title VII include labor organizations as covered entities. Garity v.

19  APWU Nat'l Lab. Org., 828 F.3d 848, 863 (9th Cir. 2016). Here, however, plaintiff alleges in

20  conclusory fashion only that SEIU failed to assist or support plaintiff upon plaintiff's formal

21  request for assistance. The court need not accept as true "mere conclusory statement[s]" for

22  pleading purposes. Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555 ("a plaintiff's

23  obligation to provide the grounds of her entitlement to relief requires more than labels and

24  conclusions or a formulaic recitation of the elements of a cause of action). The SAC does not

25  allege sufficient facts to state a plausible claim against SEIU. See Twombly, 550 U.S. at 555

26  ("Factual allegations must be enough to raise a right to relief above the speculative level.").

27  Because plaintiff makes only conclusory allegations against the union defendant, plaintiff states

28  retaliation and discrimination claims under the ADA against defendant SCHSS only.

9

1    **B. Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act**

2    Section 703(a) of Title VII of the Civil Rights Act of 1964 provides it is unlawful for any

3    employer "to discriminate against any individual with respect to his compensation, terms,

4    conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

5    national origin[.]" 42 U.S.C. § 2000e–2(a)(1); see also Ricci v. DeStefano, 557 U.S. 557, 577

6    (2009). Title VII, as amended in 1978, includes the Pregnancy Discrimination Act which clarifies

7    that Title VII prohibits discrimination based on "pregnancy, childbirth, or related medical

8    conditions;" and requires that "women affected by [these conditions] be treated the same for all

9    employment-related purposes ... as other persons not so affected but similar in their ability or

10   inability to work." 42 U.S.C. § 2000e(k). "[F]or all Title VII purposes, discrimination based on a

11   woman's pregnancy is, on its face, discrimination because of her sex." Newport News

12   Shipbuilding and Dry Dock Co. v. EEOC, 462 U.S. 669, 684 (1983).

13   To establish a prima facie case of discrimination, a plaintiff must plead and prove: "(1)

14   that the plaintiff belongs to a class of persons protected by Title VII…; (2) that the plaintiff

15   performed ... her job satisfactorily; (3) that the plaintiff suffered an adverse employment action;

16   and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated

17   employee who does not belong to the same protected class as the plaintiff." Cornwell v. Electra

18   Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006). "While the statute does not expressly

19   mandate that employers make reasonable accommodations for pregnant workers, … it does

20   require that employers accommodate pregnant women or those affected by related medical

21   conditions to the same extent that they accommodate other workers, absent a nondiscriminatory

22   reason for doing so." Gonzales v. Marriott Int'l, Inc., 142 F. Supp. 3d 961, 978 (C.D. Cal. 2015).

23   Thus, if the alleged discrimination is based on the denial of a reasonable accommodation, then to

24   establish a prima facie case under the Pregnancy Discrimination Act, a plaintiff may show "that

25   she belongs to the protected class, that she sought accommodation, that the employer did not

26   accommodate her, and that the employer did accommodate others 'similar in their ability or

27   inability to work.'" Young v. United Parcel Serv., Inc., 575 U.S. 206, 229 (2015).

28   ////

10

1       Plaintiff alleges she requested work related accommodations because of adverse effects

2   related to her pregnancy, but SCHSS intentionally failed to provide accommodation and SEIU

3   intentionally failed to assist plaintiff in her attempts to secure accommodations. (ECF No. 6 at 9.)

4   The SAC sufficiently alleges plaintiff is a member of a protected class and that she suffered an

5   adverse employment action. However, plaintiff alleges only in conclusory fashion that she was

6   singled out with intentional discrimination. Plaintiff does not allege any facts suggesting she was

7   treated less favorably than a similarly situated non-protected employee. [2] The SAC fails to allege

8   how SCHSS accommodated non-pregnant others similar in their ability or inability to work, or

9   that SEIU assisted such others in securing accommodations.

10      Finally, to any extent plaintiff intends to proceed under Title VII on a hostile work

11  environment claim, the SAC does not state a claim. To establish a prima facie case of hostile

12  work environment under Title VII, the "plaintiff must show: (1) that [she] was subjected to verbal

13  or physical conduct of a [pregnancy-related] nature; (2) that the conduct was unwelcome; and (3)

14  that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's

15  employment and create an abusive work environment." Vasquez v. County of Los Angeles, 349

16  F.3d 634, 642 (9th Cir. 2003). Plaintiff does not allege she was subjected to verbal or physical

17  conduct of a pregnancy related nature. Plaintiff's allegations that her supervisor called during her

18  leave to badger and bully her about returning to work do not describe sufficiently severe or

19  pervasive conduct that created an abusive work environment. Accordingly, plaintiff fails to state a

20  Title VII pregnancy disability claim under any theory.

21      **IV.     CONCLUSION AND ORDER**

22      Plaintiff states ADA claims that survive the court's initial screening inquiry. Within 30

23  days of the date of this order, plaintiff must notify the court whether plaintiff chooses to proceed

24  with the ADA claims against SCHSS or file a further amended complaint. If plaintiff chooses to

25

26  [2] Plaintiff alleges her supervisor called three days in a row when plaintiff was out of work on
    "Covid leave," wanting to know when plaintiff would be working from home. (ECF No. 6 at 7.)
27  Plaintiff alleges she knows of no other employees to whom this happened. (Id.) This allegation
    does not appear to be connected to plaintiff's alleged pregnancy related conditions and does not
28  support plaintiff's ADA discrimination or Title VII discrimination claim.

1   proceed on the SAC as screened in this order, then the court will order service of process on

2   SCHSS by the U.S. Marshal upon plaintiff's submission of the necessary information. See 28

3   U.S.C. § 1915(d).

4           In the alternative to proceeding on the SAC, if plaintiff wishes to file a further amended

5   complaint, then plaintiff is granted leave to do so within 30 days of the date of this order. If

6   plaintiff files a further amended complaint, it should be titled "third amended complaint" and the

7   next step will be the court's screening of the third amended complaint.

8           In accordance with the above, IT IS ORDERED as follows:

9           1.  For screening purposes, plaintiff's SAC (ECF No. 6) states a potential ADA

10              discrimination claim and a potential ADA retaliation claim against defendant Solano

11              County Health and Social Services Behavioral Health. No other claims are stated.

12          2.  Within 30 days of the date of this order, plaintiff shall file one of the following: (1) a

13              notice that plaintiff chooses to proceed on the SAC as screened with ADA

14              discrimination and retaliation claims against SCHSS; or (2) a further amended

15              complaint ("third amended complaint").

16  Dated:  October 23, 2024

17                                                  _____
                                                    CAROLYN K. DELANEY
18                                                  UNITED STATES MAGISTRATE JUDGE

19

20  8, Morris24cv1329.2ac.scrn.elct

21

22

23

24

25

26

27

28